IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED_____ ENTERED
LOGGED_____ RECEIVED

APR 2 5 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

TROYDRICK HORTON
ALSO KNOWN AS
RICKY HORTON

V.

CIRCUIT COURT FOR BALTIMORE CITY
PETITION NOs. 113057032-38

State OF Maryland, et al.

* * * * * * * * * * * * * * * * * * *

PETITION FOR WRIT OF HABEAS CORPUS
WITH REQUEST FOR AN EXPEDITED HEARING

COMES NOW your petitioner Ricky Horton, Pro'se, and respectfully moves this Honorable Court pursuant to the Maryland Rules OF Procedure, Chapter 300 Habeas Corpus, Rules 15-301 through 15-303 and Md. Ann. Code, Courts and Judicial Proceedings Article, Subtitle 7-Habeas Corpus, Sections 3-701 through 3-706, to grant habeas corpus relief in the form of immediate release from confinement, and in support thereof, submits the following:

1) That pursuant to Rule 15-302(1), petitioer submits that he is unlawfully and unconstitutionally confined and restrained of his liberty in violation of the UNITED STATES CONSTITUTION as well as the Maryland Declaration OF Rights.

2) That pursuant to Rule 15-302(2), petitioner submits he is unlawfully and unconstitutionally confined and restrained of his liberty at the NORTH BRANCH CORRECTIONAL INSTITUTION (NBCI) - 14100 McMullen Highway, sw - Cumberland MD 21502

3) That pursuant to Rule 15-302(3), Petitioner submits that he is unlawfully and unconstituionally confined and restrained of his liberty by the WARDEN Jeffrey Nines, and on all account was unlawfully and unconstitutionally convicted and sentenced.

4) that pursuant to Rule 15-302(4), petitioner submits the following Factual Circumstances on the cause of his confinement:

CIRCUMSTANCES AND THE CAUSE
OF THE UNCONSTITUTIONAL CONFINEMENT

Trial counsel in the matter now before the court failed to provide petitioner with the effective assistance of counsel as guaranteed to every criminal defendant under the Sixth Amendment of the United States Constitution when trial counsel, (A) failed to conduct an investigation into Petitioner mental health history after being informed of such a history by Petitioner. (B) failed to request that the trial court order a competency hearing, due to petitioners well documented mental health issues. AND (C) failed to protect petitioners right to the Due Process Clause under the United States Constitution where he allowed Petitioner to stand trial when mental health reports clearly determined Petitioner as a mentally incompentent citizen.

5) That pursuant to Rule 15-302(5), Petitioner submits that he is unlawfully and unconstitutionally confined due to an unlawful and unconstituional conviction from the Circuit Court For Baltimore City. A judgment of conviction was entered by Judge Videtta Brown. On April 14, 2014, Petitioner was unlawfully sentenced to Dubble Life Plus 90 Years on all counts.

6) That pursuant to Rule 15-302(b)(1), Petitioner submits that to the best of his knowledge, belief, personal and public records, no previous petitions for Habeas Corpus have been filed addressing the grounds of error presented in this petition.

7) That pursuant to **Rule 15-302(b)(2),** Petitioner submits that:

[A] A petition for **Post-Convictio Relief** was filed on **August 25, 2022,** in which the **Circuit Court For Baltimore City** assigned **Judge Jeannie J Hong** to hear the case via zoom. [B] The grounds raised on the petition post-conviction were as following:

1. Trail counsel rendered ineffective assistance of counsel by failing to investigate petitioners competency prior to trial;

2. Trail counsel rendered ineffective assistance of counsel by failing to request a competency hearing;

3. Petitioner's Due Process rights were violated because the conviction of a mentally incompetent criminal defendant violated the Due Process Clause under the fourteeth Amendment of the United State's Constitution.

4. Trail counsel rendered ineffective assistance of counsel for failure to object to an erroneous jury instruction for attemted second degree murder.

5. Trial counsel rendered ineffective assistance of counsel by failing to object to improper sentancing consideration;

6. Petitioner's sentences for wearing and carrying a handgun on his person are illegal and MUST be vacated;

7. Trial counsel rendered ineffective assistance of counsel by failing to file a motion modification of sentance and an application for a 3-judge panel upon request.

[C] The Honorable Judge Hong, in a written STATEMENT OF REASONS AND ORDER OF COURT, on September 27, 2023, denied post-conviction relief. [D] An application for Leave To Appeal was filed with the court of special appeals in September Term, 2023. [E] The application for leave to appeal post-convict relief was denied on March 27, 2023.


WRIT OF HABEAS CORPUS IS THE PROPER METHOD
WHERE AN INMATE IS ENTITLED TO IMMEDIATE RELEASE
OR A HEARING THAT COULD LEAD TO RELEASE

9) In Lomax V. Warden, Maryland Correctional Training Center, 356 Md. 569, 741 A.2d 476 (1999), the court held that "habeas corpus lies only if an inmate is entitled to immediate release or a hearing that could lead to release".

Furthermore, habeas corpus is the appropriate way to raise the issue of [Petitioner's] right to be released from custody and is the appropriate method to challenge the unlawfulness of an underlying conviction and detention. See Maryland Correctional Institution-Women V. Lee, 362 Md. 502, 766 A.2d 80 (2001); Maryland House OF Correctional V. Fields, 348 Md. 245, 261, 703 A.2d 167, 175 (1997)

Maryland Ann. Code (2002 Repl. Vol.), Subtitle 7--Habeas Corpus; section 3-702(a) Of the court and Judicial Proceedings Article states:

"Individuals who make petitions"
(a) A person committed or detained, confined, or restrained from his lawful liberty within the state for any alleged offense or under any color or any person in his belief, may petition for a writ of habeas corpus to the end that the cause of the commitment, detainer, confinement, or constraint may be inquired into.

4

Thus, habeas corpus is the appropriate method to challenge the lawfulness of an underlying conviction and detention and Maryland appellate courts have made clear that "Courts will entertain an inmate's petition for habeas corpus when the [Petitioner] alleges entitlement to immediate release". The Court Of Special appeals has further held that "an application for Writ of Habeas Corpus is proper under certain circumstances". See <u>Wilson V. Simms</u>, 157 Md. App. 82, 84 A.2d 88 (2004).

It is submitted that Petitioner is **Entitled To Immediate Release** because his conviction and detention is unconstitutional.

10) That pursuant to Rule 15-302(b)(3), Petitioner submits the following grounds for relief:

### I. GROUNDS
### MEMORANDUM OF LAW

> DID TRIAL COUNSEL IN THE MATTER NOW BEFORE THE COURT, COMMIT
> SERIOUS ATTORNEY ERROR WHEN HE FAILED TO CONDUCT AN
> INVESTIGATION INTO PETITIONER"S MENTAL HEALTH HISTORY, AFTER
> BEING INFORMED BY PETITIONER THAT HE HAD RECEIVED TREATMENT
> AT A NUMBER OF DIFFERENT MENTAL INSTITUTIONS

On October 31, 2013, Petitioner in the matter now before the court was brought before the Honorable Judge Timothy Doory of the Circuit Court For Baltimore City, due to Petitioner suffering from a number of mental health issues while detained at the Baltimore City Detention Center. In which Petitioner was accompanied by trial counsel for the sole purpose of requesting that the court grant Petitioner a post-ponement, so that trial counsel would have enough time to investigate the mental health history of Petitioner(See Baltimore City Circuit court Docket Entry). However, this investigation never took place, due

to trial counsel personal belief that Petitioner was competent to stand trial.
But as held in **Becton V. Barnett**, 920 F.2d 1190 (4th Cir. 1990), A lawyer is not
entitled to rely on his or her own belief about a defendant's mental condition,
but instead MUST make a reasonable investigation.

Here, like in Becton, Petitioner contends that ████ his trial lawyer rendered
ineffective assistance of counsel because he failed to investigate whether
Petitioner was in fact competent. Petitioner contends that if his trial lawyer
would have taken reasonable steps to investigate, a hearing could have been held
on the issue of competency, and the standard applied in **Dusky V. United States**,
362 U.S. 402, 4L Ed. 2d 824, 80 S.Ct. 788 (1960), could have also been applied
in his case. Instead, no hearing was held, and there is no record of
Petitioner's mental capacity either at trial, or at the time of the crime. In
addition to petiioner being deprived of a **Dusky** hearing, as a result of trial
counsel's error. It is also probable that Petitioner suffered prejudice as a
result of this because the record reflect that trial counsel put forth no
evidence on Petitioner's behalf during trial to suggest that Petitioner was **Not
Criminally Responsible** at the time that these crimes where committed, or
otherwise not competent to assist in his own defense. Had trial counsel
investigated Petitioner's mental capacity, counsel might have set forth two
defenses. First, counsel may have been able to prove that Petitioner was not
competent to stand trail, or in the alternative, Petitioner would have been able
to take a plea of not criminally responsible. Either a claim that Petitioner was
not competent to stand trial, or a plea of not criminally responsible, would or
could have resulted in a vastly different outcome than the conviction and
extremely harsh sentence that Petitioner received.

But again, like in Becton, no defense was available to Petitioner other than the
plea of not guilty because of trial counsel's failure to investigate, and no
defense of this nature was offered by counsel during the course of Petitioner's
trial.

Petitioner contends that because it was both error and caused prejudice to the defense that trial counsel failed to investigate, or request that the trial court order Petitioner's competence to stand trial evaluated prior to Petitioner actually standing trial. It is appropreiate for this court to, (A) find that Petitioner has met the two prong test established in **Strickland** to support a claim of ineffective assistance of counsel. And (B), In addition, find that Petitioner is entitled to Habeas Corpus Relief base on the grounds that Petitioner has presented argument, evidence, and supporting case law to establish his claim.

Petitioner contends that further support for his argument can also be found in the evaluation reports from the **Virginia Beach Hospital Center, The Pines Residential Treatment Center, Spring Grove Hospital Center, Forbush School, Crownsville Hospital Center, and the Sheppard and Enoch Pratt Hospital** (See **attachments**). All records report that Petitioner earned scores of low average to below average. All suggesting that it would have been in the interest of a fair trial and the effective assistance of counsel for Petitioner's trial lawyer to have requested that Petitioner's competance to stand trial be evaluated prior to Petitioner actually standing trial for something as complexed as a criminal trial.

As for any argument from the state that because trial counsel made mention of Petitioner's vast mental health history at his sentencing compared to prior to Petitioner starting trial, is undoubtedly without merit. Petitioner contends that the purpose of a competency hearing is to assess an accused competance to assist in his or her own defense. Because Petitioner's sentence did not involve a plea agreement, the mention of his mental health history at sentencing came to little to late because the usage of it was as useful to Petitioner's defense as entering a not guilty plea after Petitioner had already been convicted. And it is for these reasons and other forthcoming that Petitioner urges this Honorable Court to **Grant** Habeas Corpus Relief on this issue.

7

## II. Grounds
## MEMORANDUM OF LAW

### DID TRIAL COUNSEL COMMIT SERIOUS ATTORNEY ERROR WHEN HE FAILED TO REQUEST THAT A HEARING BE CONDUCTED ON PETITIONERS COMPETENCY TO STAND TRIAL PRIOR TO PETITIONERS TRIAL BEGINING

As previously stated, in the forth week of October 2013, Petitioner was brought before the Honorable Timothy Doory of the Circuit Court For Baltimore City due to several breakdowns in his mental health while being detained at the Baltimore City Detention Center. But even with being fully aware of Petitioner's condition, and given ample opportunity to request that a hearing be held to assess Petitioners competance to stand trial in spite of the countless warning signs of Petitioners irrational behavior. Which evidence of this can be found in any number of examples from being transfered to the Baltimore City Detention Centers Mental Health Unit (MHU), due to Petitioner suffering from delusional thoughts and depression. To Petitioner producing documentation from Neuropsychologist Psychologist Dr.Barry A. Hurwitz, Ph.D., in which Petitioner earned scores in the extremely low to borderline impaired range on cognitive functioning, working memory, abstract problem solving, and basic academic skills.

But yet trial counsel still failed to understand the all to important need to request that the trial court order that Petitioner be evaluated so that justice could best be met by making certain that Petitioner was competent to stand trial. Petitioner contends that as it has been stated by some of the greatest legal minds in America's history of criminal justice. It is better that ten guilty men go free, than one innocent go to prison.

In the matter now before the court, considering Petitioners well documented history of issues dealing with mental health going back as far as age nine, in which Petitioner attempted to take his own life. Petitioners conviction and

8

sentence stands equal to an innocent man going to prison. Whether it is viewed upon as Petitioner not being competent to stand trial, or Petitioner not being criminally responsible at the time that the crime was committed. Because the Question remains, was Petitioner convicted and sentenced when he was not competent to stand trial? The mental health documents attached hereto this petition suggest that Petitioner was anything other than competent to stand trial, or fully understood the proceedings in something as complex as a criminal trial. Because one of the requirement's is that the defendant be able to understand the proceedings, and assist in his or her own defense.

The information obtained after Petitioners conviction and sentence stands as one of the many examples, that had trial counsel request that the trial court order that Petitioner mind, as well as the history of his mental health be evaluated so that a mental competence hearing could be held. A reasonable probability now exist that Petitioners trial would have rendered a different outcome. See **Bouchillon V. Collins**, 907 F.2d 589, 592 (5th Cir. 1990), where the court in that case explained that the test for competency is whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding of the proceedings against him. Petitioner contends that but without trial counsel requesting that a hearing be held to evaluate Petitioners competance to stand trial, it is just simply no way for it now to be said that there is no reasonable likelihood that Petitioner was not incompetent to stand trial. Because at this late stage all a reviewing court can do is make a decision from a laymens point of view. Making it all the more appropriate for this court to **Grant** Habeas Corpus Relief and thus a new trial so that the proper evaluations and competency hearing can finally be conducted. As for trial counsel's mention of Petitioner history of mental health during closing argument's in an attempt to use it as a convincing argument, Petitioner contends that it came much to late. Because when comparing the affectiveness of trial counsel's actions, they were as affective as it would have been for trial counsel to have entered a guilty plea on Petitioners behalf after Petitioner had already been tried and convicted. See **Pate V. Robinson**, 383 U.S. 375, 86 S.Ct.

9

836, 15 L.Ed 815 (1966), where the court in that case held that it is contradictory to argue that a defendant maybe incompetent, and yet knowingly or intelligently waived his right to have the court determine his capacity to stand trial. Petitioner contends that as previously argued, not only did trial counsel attend Petitioners appearence before the honorable Timothy Doory. But he was in possesion of the report done by **Doctor Barry A. Hurwitz** prior to Petitioner trial starting. And it is for these reasons and other forthcoming that Petitioner respectfully urges this Honorable court to **Grant** Habeas Corpus Relief and thus a new trial.

### III. Grounds
### MEMORANDUM OF LAW

#### DOES THE CONVICTION OF A MENTALLY INCOMPETENT CRIMINAL DEFENDANT VIOLATE THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT OF THE UNITE STATES CONSTITUTION

The Due Process Clause plays a vital role in the American scheme of criminal proceure. It is a prime instrument for reducing the risk of conviction resting on factual error because it protects the accused against conviction except beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

In the case now before the court, clearly evidence existed both before as well as after Petitioers trial to suggest that Petitioner was incompetent to stand trial. In **Robinson**, it was made clear, **that the conviction of an accused person who is not mentally competent to stand trial, violates Due Process. This right cannot be waived by the incompetent-- by guilty plea or otherwise-- and thus it MUST be protected by adequate state procedures.**

In <u>Carroll V. Beto</u>, 424 F.2d 1065, 1067 (5th Cir. 1970), the court stated, that when a prisoner, either state or federal, seeking post-conviction relief, asserts with substantial facts to back up his allegation, that at the time of trial he was not mentally competent to stand trial, and there was no resolution of that issue before he was tried, convicted and sentenced, the protection of the 14th Amendment to the united states constitution requires that such conviction be set aside unless upon adequate hearing it is shown that he was mentally competent to stand trial. And it is for these reasons and others previously mentioned that Petitioner now ask this Honorable court to **Grant** Habeas Corpus Relief and thus a new trial.

## CONCLUSION

For the forgoing reasons, Petitioner request this court to hold a hearing and review the prima facie evidence submitted in support of this petition and **Grant** the immediate release of Petitioner.

## STATEMENT OF NON-WAIVER

Petitioner has not knowingly and intelligently waived the fundamental rights which are at issue in the grounds presented in this petition. The Petitioner has received ineffective assistance of counsel during all stages of his trial and post-conviction proceedings from the **Office OF The Public Defender.**

A waiver is intelligently and knowing when the record expressly reflects that the defendant had a basic understanding of the nature of the right which was relinquished or abandoned and **the record expressly reflects acknowledgment that the relinquishment or abandonment of the right was made or agreed to by the defendant.** In this case, the record is silent because at no time has Petitioner abandoned nor relinquished any of his fundamental rights and he has never agreed to abandon any of his fundamental rights. See <u>State V. Gutierrez</u>, 153 Md. App. 462, 837 A.2d 238 (2003). In addition, the court of appeals in <u>Watson V. State</u>,

282 Md. 73, 84, 382 A.2d 574, **Cert. denied**, 437 U.S. 908 (1978), held that when a claim is based upon a violation of a constitutional right it is an obligation to make an independent constitutional appraisal from the entire record. See also **Davis V. North Carolina**, 384 U.S. 737, 741-42 (1966).

RELIEF SOUGHT

Petitioner respectfully request tha this Honorable Court **Grant** him the following relief:

1) An Order ordering a hearing on this petition.

2) An Order ordering granting the immediate release of the petitioner.

3) Grant such other relief as law and justice may require.

Respectfully Submitted;

x _Ricky Horton_

Ricky Horton #424-586
NBCI
14100 Mcmullen Hwy, sw
Cumberland, MD 21502

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 16th day of April, 2024, a copy of the foregoing Petition For Habeas Corpus Relief, was mailed first class, postage pre-paid to the UNITED STATES DISTRICT COURT - 101 W. Lombard Street - Baltimore, MD 21201

X _____
Ricky Horton #424-586
NBCI
14100 Mcmullen Hwy, sw
Cumberland, MD 21502